1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-05085-DGE-22 |
|---|---|
| Plaintiff, | ORDER ON MOTIONS IN LIMINE (DKT. NOS. 1302, 1312, 1314, 1317). |
| v. | |
| DANIEL HAMMOND, | |
| Defendant. | |

12

13

14

15

16

### I    INTRODUCTION

17    During the pretrial conference ("PTC") held June 2, 2025, the Court ruled orally on the

18    Motions in Limine (Dkt. Nos. 1302, 1312, 1314, 1317) ("MIL's").  The Court provides this

19    written summary to memorialize its rulings.

20    ### II    DEFENDANT'S MOTIONS

21    1.  "Other Bad Acts" Fed. R. Ev. 404(b).

22

23

24

a. This motion, as supplemented at Docket No. 1317,[1] seeks to exclude an audio recorded statement suggesting that Defendant was "ripping-off" a co-conspirator.  At the PTC, the Government explained that this refers to an incident in which the Government conducted a raid and seized narcotics covertly, and the co-conspirator who was unaware of the Government's action speculated that Defendant "rip[ped him] off" by stealing the drugs. The Government indicated that it was not seeking to use the evidence to establish that Defendant had done a bad act (nor could it), but rather for purpose of identification.  The Court finds that this evidence, as described above, does not concern "any other crime, wrong, or act" as contemplated by Rule 404(b), as it does not concern any act or omission on the part of Defendant.  Even if it did, the Government is correct that Rule 404(b)(2) expressly allows use of the evidence for purpose of identification.  For those reasons, the motion is **DENIED**.

2. Bad Act That is "Inextricably Intertwined."

a. Defendant confirmed at the PTC that this motion concerns the same evidence as discussed *supra* in MIL No. 1, and so this motion is **DENIED** for the same reasons.

3. Impeachment with Prior Convictions Under Fed. R. Ev. 609.

a. The Government seeks to impeach Defendant with evidence of five prior convictions, should he testify, and Defendant seeks to exclude that evidence.

---

[1] To the extent Defendant's submission at Docket No. 1317 states an additional Motion in Limine, it is **DENIED** consistent with the Court's ruling on MIL No. 1.

The Court will **GRANT** the motion in part and **DENY** in part, allowing the Government to impeach Defendant with convictions less than 10 years old, but not older.  The Government, as disclosed in its trial brief (Dkt. No. 1297 at 29–30) seeks to impeach Defendant with the following convictions:

1. Forgery, in Pierce County Superior Court, on March 27, 2006;

2. Forgery, in Pierce County Superior Court, on December 19, 2007;

3. Second Degree Identity Theft, in Pierce County Superior Court, on September 29, 2015;

4. Criminal Impersonation, in King County Superior Court, on July 12, 2017; and

5. Attempted Identity Theft, in Thurston County Superior Court, on January 22, 2020.

Rule 609 provides in relevant part:

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

**(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

**(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

**(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

**(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the

elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(**1**) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(**2**) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

As to the three convictions that are less than 10 years old, they are automatically admitted under Rule 609(a)(2).  The offenses, Second Degree Identity Theft, Criminal Impersonation, and Attempted Identity Theft, are all offenses for which the "court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement."  The Ninth Circuit has explained that "dishonesty or false statement" means "crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977) (quoting U.S. Cong. Conf. Rep., H.R. No. 93-1597, reprinted 3 Weinstein's Evidence, 609–39 (1976)).  When a conviction falls in that category, its admission "is not within the discretion of the court" because

1  "[s]uch convictions are peculiarly probative of credibility and, under this

2  rule, are always to be admitted." *Id.*  The balancing test of Rule 609(a)(1)

3  does not apply, and the convictions are "automatically admissible."

4  *United States v. Glenn*, 667 F.2d 1269, 1272 (9th Cir. 1982).

5        As for the two convictions for Forgery that are more than 10 years

6  old (and in fact, nearly 20 years old), under Rule 609(b) the Court must

7  find that their probative value <u>substantially</u> outweighs the prejudicial

8  effect of admission—a greater showing than required under the typical

9  balancing test of Rules 609(a)(1) and 403.[2]  The Government has not

10  made that showing here, where whatever probative value the prior

11  convictions may have is already established by admission of the three

12  more recent offenses.  *See United States v. Lopez*, 743 F. App'x 831, 833

13  (9th Cir. 2018) (offenses under 609(b) properly excluded where they

14  would "only have reiterated the confidential informant's status as a career

15  criminal, a fact already well established."); *United States v. Connelly*, 613

16  F. App'x 604, 606 (9th Cir. 2015) (when court permitted impeachment

17  with three crimes falling within 10-year window, no error to exclude older

18  offenses).

19

20

21  [2] By the terms of Rule 609, even offenses concerning "dishonesty or false statement" are subject
22  to the 609(b) analysis if they are more than 10 years old.  *See United States v. Sloman*, 909 F.2d
176, 180 (6th Cir. 1990) ("If the prior conviction is *less than 10 years old* and is for a crime
23  involving dishonesty" it is automatically admissible. "The district court was required to balance
prejudice against probative value in this case only because the prior conviction was more than 10
24  years old.") (emphasis added).

ORDER ON MOTIONS IN LIMINE (DKT. NOS. 1302, 1312, 1314, 1317). - 5

1          For those reasons, the three convictions less than 10 years old are

2  admitted for impeachment if Defendant testifies, and the two convictions

3  more than 10 years old are excluded.

4     4.  "Nature of the Underlying Felony Conviction."

5        a.  This motion is inapplicable or possibly redundant of MIL No. 3 and is

6           **DENIED**.

7     5.  "Drug Courier Profile Evidence."

8        a.  Defendant relies on a case holding that "expert testimony on the modus

9           operandi of drug trafficking organizations is inadmissible in cases where, as

10           here, the defendant is not charged with conspiracy to distribute drugs."

11           *United States v. Pablo Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir. 2002).

12           Since this is obviously a case where the Defendant *is* charged with a

13           conspiracy to distribute drugs, the motion is inapplicable, and is **DENIED**

14           for that reason.

15     6.  "Interpretation of Drug Code Words."

16        a.  Defendant seeks to exclude certain testimony related to "drug code words."

17           The Government intends for DEA Special Agent Jared Gibb to offer expert

18           testimony that "'elbow' refers to a pound, 'clear' refers to

19           methamphetamine, and 'band' refers to a thousand dollars." (Dkt. No. 1297

20           at 5.) Likewise, he will testify "about common slang terms for

21           methamphetamine, fentanyl, and other drugs involved in the conspiracy,

22           such as 'clear' for methamphetamine and 'blues' for fentanyl," and he will

23           testify "about coded terms commonly used for drug quantities, such as 'P' or

24

1    'elbow' for pound, and 'boat' for a quantity of 1,000 pills." (*Id.* at 26.)

2    Defendant relies on *United States v. Hermanek*, in which the Ninth Circuit

3    held that it was error to allow an agent to testify as to "new" code words he

4    "encountered for the first time in this case," where the Government failed to

5    establish that he had a "reliable basis for so interpreting these words." 289

6    F.3d 1076, 1090–1093 (9th Cir. 2002). The Court will **RESERVE** as to this

7    motion, as it cannot yet ascertain Special Agent Gibb's qualifications to

8    testify as to the code words used in this case. At trial, the Government will

9    need to make an offer of proof, and Defendant will have the opportunity to

10   voir dire Special Agent Gibb outside the presence of the jury.

11   7. "Evidence of Wealth"

12       a. At trial, the Government intends to introduce evidence that Defendant had

13          limited assets, as demonstrated by wage reports he made to the Washington

14          Employment Security Department, but that he withdrew $56,260.52 in cash

15          from the Emerald Queen Casino. (*See* Dkt. Nos. 1314-4 at 1–2; 1314-5 at

16          1.) Defendant argues that "in order to present evidence regarding wealth,

17          the prosecution must also produce evidence showing that the wealth was not

18          derived from legitimate sources" and "objects to any introduction of

19          evidence regarding Defendant's wealth unless the government can establish,

20          outside the presence of the jury, that the foregoing standard has been met."

21          (Dkt. No. 1302 at 14) (citing *United States v. Penny*, 60 F.3d 1257, 1263

22          (7th Cir. 1995)). The Court believes that the standard as articulated by

23          Defendant is satisfied, as the Government has proffered evidence of the

24

1    legitimate assets available to Defendant.  Moreover, the Court finds that the

2    Government's evidence has probative value as to cash in Defendant's

3    possession that is allegedly proceeds from drug trade.  For those reasons, the

4    motion is **DENIED**.

5    8.  Statements of Co-Defendants.

6        a.  Defendant seeks to exclude statements by co-defendants, unless he has the

7            opportunity to cross-examine them.  (*See* Dkt. No. 1302 at 14–15) (citing

8            *Bruton v. United States*, 391 U.S. 123 (1968)).  In its trial brief, the

9            Government argues that the Confrontation Clause does not require exclusion

10           of co-conspirator statements, because they "are not made with the

11           expectation that they will be used at trial, and therefore there is no Sixth

12           Amendment violation due to an inability of the defendant to cross-examine

13           the co-conspirators who made the statements."  (Dkt. No. 1297 at 19) (citing

14           *Crawford v. Washington*, 541 U.S. 36, 56 (2004)).  At this time, it is unclear

15           what specific statements are at issue.  The Court will **DENY** the motion,

16           without prejudice to Defendant renewing his objection at trial when the

17           issue is presented.

18   9.  "Vouching By Cooperating Witness."

19       a.  Defendant offers this motion in relation to testimony of a cooperating

20           witness, but the Government has confirmed there is no cooperating witness

21           who will testify at trial.  Accordingly, the motion is **DENIED**.

22   10. "Impermissible 'Overview Testimony.'"

23

24

ORDER ON MOTIONS IN LIMINE (DKT. NOS. 1302, 1312, 1314, 1317). - 8

1      a. Defendant seeks to exclude "overview testimony" by law enforcement

2      witnesses, including subject matter that falls outside the scope of the

3      investigation or the witness's personal knowledge. (*See* Dkt. No. 1302 at

4      15–16.) The Government represented at the PTC that it has no intention to

5      offer testimony of this sort. Accordingly, the motion is **DENIED** at this

6      time, without prejudice to Defendant renewing the objection at trial if the

7      issue arises.

8    11. <u>Dual Role Testimony.</u>

9      a. Defendant seeks to exclude dual role testimony by law enforcement agents,

10      specifically Special Agent Gibb, testifying both as fact witnesses to this

11      investigation and an expert witness as to law enforcement practices. (*See*

12      Dkt. No. 1302 at 16–19.) Defendant relies on *United States v. Freeman*, in

13      which the Ninth Circuit recognized certain dangers of this type of testimony,

14      including that the jury may ascribe "unmerited credibility" to the witness's

15      lay testimony, and the potential for hearsay or Confrontation Clause

16      problems. 498 F.3d 893, 903 (9th Cir. 2007); *see also United States v.*

17      *Mejia*, 545 F.3d 179, 190–191 (2d Cir. 2008). Nonetheless, the Ninth

18      Circuit concluded that "the use of case agents as both expert and lay

19      witnesses is not so inherently suspect that it should be categorically

20      prohibited." *Freeman,* 498 F.3d at 904. Rather, "it is sufficient to

21      emphasize the necessity of making clear to the jury what the attendant

22      circumstances are in allowing a government case agent to testify as an

23      expert. If jurors are aware of the witness's dual roles, the risk of error in

24

1   these types of trials is reduced." *Id.* For that reason, Defendant's proposed

2   remedy—exclusion of dual role testimony—is overbroad. The Court will

3   **DENY** the motion but will give an appropriate instruction to the jury on

4   dual role testimony. *See* Ninth Cir. Model Crim. Instruction 3.15.

5   Defendant may propose an appropriate instruction.

6   12. "Reading Materials."

7       a.   Defendant's motion to exclude "reading materials" seized from his home is

8           vague, and the Government represented at the PTC that it does not intend to

9           introduce such evidence. Accordingly, the motion is **DENIED**.

10  13. Exclusion of Testifying Witnesses.

11      a.   The Court will GRANT Defendant's motion to enforce Federal Rule of

12          Criminal Procedure 615 and exclude witnesses from the courtroom until

13          they testify. This does not prevent the Government from having its lead

14          case agent present at counsel's table. *See* Fed. R. Crim. P. 615(a)(3) (not

15          authorizing exclusion of "any person whose presence a party shows to be

16          essential to presenting the party's claim or defense.")

17  **III     GOVERNMENT'S MOTION**

18  The Government offers an MIL to admit certain records as business or public records

19  under Federal Rules of Evidence 803(6) and 803(8), which it asserts are self-authenticating under

20  Rules 902(4) and 902(11) (Dkt. No. 1314.) [3] At the PTC, Defendant stated he does not object to

21  admission of these records. The records are:

22

23  [3] This may not truly be a "Motion in Limine" as it seeks to pre-admit rather than exclude
    evidence, but the distinction is inconsequential here as the motion is unobjected and readily
24  resolved.

ORDER ON MOTIONS IN LIMINE (DKT. NOS. 1302, 1312, 1314, 1317). - 10

1.  T-Mobile Telephone Subscriber Records (Dkt. No. 1314-1);

2.  Comcast Telephone Subscriber Records (Dkt. No. 1314-2);

3.  Google Email Subscriber Records (Dkt. No. 1314-3);

4.  Washington Employment Security Department wage/employment history and unemployment claim (Dkt. No. 1314-4); and

5.  Emerald Queen Casino winnings and cash-out records (Dkt. No. 1314-5).

The Court agrees that these records are records of a regularly conducted business activity, Rule 803(6), or public records, Rule 803(8), the trustworthiness of which is not in question. Likewise, the records are accompanied by certifications of the relevant custodians (*see* Dkt. Nos. 1314-1 at 2; 1314-2 at 2; 1314-3 at 19; 1314-4 at 3; 1314-5 at 8) so the records are self-authenticating under Rules 902(4) and 902(11). Accordingly, the motion is **GRANTED** and the exhibits will be admitted.

**IV    CONCLUSION**

The Motions in Limine are granted and denied consistent with this opinion and order.


Dated this 3rd day of June, 2025.


David G. Estudillo
United States District Judge

ORDER ON MOTIONS IN LIMINE (DKT. NOS. 1302, 1312, 1314, 1317). - 11